O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOR CHIN LIM,<br><br>　　　　Plaintiff,<br>　v.<br>RONG SHENG, INC., et al.,<br><br>　　　　Defendants. | Case No. CV 12-01482-RGK (Ex)<br><br>**ORDER DENYING MOTION FOR RECUSAL [7]** |

　　　　On March 12, 2012, Plaintiff Khor Chin Lim ("Plaintiff") filed a Motion to Recuse United States District Judge R. Gary Klausner from the above-titled matter. (Dkt. No. 7.)  Having considered the arguments in support thereof, the Court deems the matter appropriate for decision without oral argument.  *See* C.D. Cal. L.R. 7-15. For the following reasons, Plaintiff's Motion is **DENIED**.

　　　　The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455.  Section 144 permits a party seeking disqualification to file a "timely and sufficient affidavit" setting forth "the facts and reasons" for the party's belief that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  The affidavit must "state facts and the reasons for the belief that bias or prejudice exists."  *Id*.  When determining the legal sufficiency of the affidavit, "the factual allegations in the

affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976).

The applicable provision of § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). This is so because specific allegations of bias or prejudice involving judicial acts which the district judge either performed or failed to perform while presiding over the case do not provide a basis for recusal. *See Studley*, 783 F.2d at 939. Therefore, the alleged bias ordinarily must stem from an 'extrajudicial source.'" *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) and *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)).

In support of his Motion, Plaintiff contends that Judge Klausner's February 22, 2012 denial of Plaintiff's Ex Parte Motion for a Temporary Restraining Order "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible" because Judge Klausner "simply denied [the TRO] without any explanation of the grounds. (Lim Decl., ECF No. 9, at 2.) According to Plaintiff, "Such failure or reticence not only retards the growth of case law, it also deprives the litigant the opportunity to fathom the depth of Your Honor's wisdom, knowledge and decision." (*Id.*)

Plaintiff's complaints evidence a grave misunderstanding of the applicable standard for recusal. If Plaintiff disagrees with the denial of his request for a TRO, his remedy would be to appeal that ruling, not to seek the disqualification of the judge.

*See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias.").

In sum, the Court finds that Plaintiff's Motion fails to set forth sufficient factual allegations to require disqualification pursuant to 28 U.S.C. §§ 144 and 455 or any evidence tending to show personal bias stemming from an *extrajudicial* source. Nor is there any basis to believe that any other ground for disqualification exists. Rather, it appears that Plaintiff simply disagrees with Judge Klausner's ruling. This is not enough to require disqualification. Accordingly, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

March 14, 2012

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**