O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOR CHIN LIM,<br><br>　　　　　　Plaintiff,<br>　v.<br>RONG SHENG, INC., et al.,<br><br>　　　　　　Defendants. | Case No. CV 12-01482-RGK (Ex)<br><br>**ORDER DENYING MOTION FOR RECUSAL [17]** |

　　　Plaintiff Khor Chin Lim ("Plaintiff") again moves to recuse the presiding Judge from the above-titled matter. Plaintiff argues, in full:

　　　Comes now [Plaintiff] moves (sic) to recuse the Honorable [Judge] for the reasons that the Judge is biased and prejudiced against the plaintiff and/or that the Judge is incompetent/of few words/reticent in his judgment and for conflict of interest, breach of statutory duties in bad faith (sic). The grounds of the motion are as stated in the Declaration of Bias and prejudice on files (sic), the First Amended Complaint submitted herewith and on files (sic), records of this proceeding (sic).

　　　　　　　　　　CERTIFICATE OF GOOD FAITH

　　　Pro Se Plaintiff, Khor Chin Lim, hereby certifies that the Motion For Recusal of Judge . . . is made in good faith.

While the presiding Judge might have been too "reticent" for Plaintiff and "of few words" (see Mot.), few words are more apt here than "the grass is NOT greener on the other side." Other than casting unsupportable aspersions at the presiding Judge, Plaintiff bases his motion on "the Declaration of Bias and prejudice on files [sic], the First Amended Complaint submitted herewith and on files [sic], records of this proceeding. [Sic]." (Mot.) It is unmistakable that neither the First Amended Complaint nor the non-existent records of "this proceeding" provide any support for Plaintiff's motion to recuse the presiding Judge. The only remaining source of possible support for this motion is thus "the Declaration of Bias and Prejudice on file[]." (Id.) Yet the only such declaration on file is that filed with the *first* motion to recuse, which this Court duly denied on March 14, 2012.[1]

In short, while the Court may turn a blind eye to the hypocrisy of Plaintiff's views on brevity, it is duty-bound to condemn his frivolous reliance on his previously submitted — and properly rejected — Declaration of Bias and Prejudice. Indeed, were it not for "reticence" — albeit forced by controlling caselaw — sanctions would be forthcoming to Plaintiff for this frivolous filing. *See United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001) (holding that sua sponte Rule 11 sanctions, for which there is no "safe harbor" to correct or withdraw the frivolous filings, should ordinarily be imposed only in situations that are akin to contempt of court).

Accordingly, rather than sanction Plaintiff, or further waste Court resources by ordering him to show cause why he should not be in fact sanctioned at this juncture, the Court finds it sufficient to warn Plaintiff that further frivolous filings shall be met with appropriate monetary sanctions.

---

[1] Plaintiff filed his second motion to recuse the presiding judge on March 16, 2012, a mere two days after this Court denied the first, implicitly rejecting Plaintiff's Declaration of Bias and Prejudice -- upon which he now purports to rely!

Plaintiff's frivolous Motion for Recusal is **DENIED**.

**SO ORDERED.**

March 14, 2012

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**